Case 4:09-cr-00115-A Document 986 Filed 07/12/11 Page 1 of 7 PageID 6649

ORIGINAL

FILED
JUL 12 2011
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ( ) | CRIMINAL ACTION NO. |
| v. | ) ( ) | 4:09- CR -115-A (8) |
| HERBERT P. ANDERSON | ( | |

## AFFIDAVIT OF FACT

My name is SHAWN M. McROBERTS. I am over the age of eighteen (18) years. I am a resident of the State of Texas. I am fully competent, both mentally and physically, to make this Affidavit. I am making this Affidavit of my own free will and volition. I am not making this Affidavit under any force of threats, coercion, or duress. I have not been promised anything of value in return for making this Affidavit. I am familiar with each and every fact in the Affidavit. Each and every statement contained is the truth.

### PROFESSIONAL BACKGROUND

I received my license to practice the profession of court reporting by the Texas Court reporter Certification Board and the Supreme Court of the State of Texas in 1988. Since that time I have received the advanced certificates of Registered Professional Reporter, Registered Merit Reporter, and Certified Realtime Reporter through the National Court Reporters Association.

In September of 1988, I began my employment as Federal Official Court Reporter to the Honorable Halbert O. Woodward, Senior United States District Judge, while living in Abilene, Texas. In January of 1989, I transferred to the staff of the Honorable Samuel R. Cummings, United States District Judge, in Lubbock, Texas. In May of 2001, I transferred to the staff of the Honorable Jorge A. Solis, United States District Judge, in Dallas, Texas, and I currently hold that position.

### STATEMENT OF FACT IN RELATION TO THIS CASE

1. In 2010 Eileen Brewer, Official Federal Court Reporter for the Honorable John H. McBryde, United States District Judge, in Fort Worth, Texas, passed away. Because of this situation, I was given the duty by my supervisor, Ronnie Jacobson, to prepare various transcripts that were reported by Ms. Brewer but were yet to be transcribed. The transcript of the trial as well as the forfeiture hearing of *United States v. Herbert P. Anderson, et al*, was one of these transcripts yet to be prepared.

2. I was provided Ms. Brewer's stenographic notes, her computer files, and audiotapes of the trial to aid in the preparation of the trial transcript. Because of differences in Ms. Brewer's computer

software and my software, I found it more efficient to listen to the audiotapes and rewrite the trial as though I were in the courtroom, rather than making corrections to Ms. Brewer's files. As such, I rewrote the trial listening to each audiotape, and at times used her stenographic notes and computer files as an aid. The final transcript of the trial was filed electronically in three volumes on December 14, 2010, and the transcript of the forfeiture hearing was filed on December 15, 2010.

3. On March 22, 2011, I received a letter from Danny D. Burns, attorney at the time representing Mr. Anderson, advising me of alleged omissions in the trial transcript and/or the forfeiture hearing. Attached to the letter was an "Affidavit of Fact" prepared by Mr. Kirk F. Lechtenberger, trial attorney for Mr. Anderson, as well as a typed note that appears to be from Mr. Anderson to one of his attorneys regarding alleged omissions in the transcript. Each of these documents are attached hereto.

4. As a result of this issue, I requested my supervisor to order the audiotapes back from storage in order that I may confirm that in fact items had been omitted from the trial transcript as well as the forfeiture hearing.

5. Upon receiving the audiotapes, my supervisor requested our Technician/ Telecommunication Specialist to endeavor to enhance the audiotapes in order to ensure that items were not inadvertently omitted from the transcripts in question. Upon receipt of these enhanced audio file, I endeavored to read the portions of the transcripts brought into question by Mr. Anderson while listening to the enhanced audio. As a result of that review, I found some minor changes to the transcript (These changes are attached as Exhibit A to this Affidavit), but have found nothing to substantiate the claims made by Mr. Anderson or his counsel.

6. To be more specific, in paragraph No. 1 of Mr. Lecthenberger's "Affidavit of Fact" it was asserted that Mr. Schattman "shouted 'Andy is guilty' five times." After reading the transcript as I was listening to the audio, this assertion did not occur. The closing arguments of Mr. Schattman are correct as filed, and no corrections were made.

7. In paragraphs 2 and 4 of Mr. Lecthenberger's "Affidavit of Fact" the assertion was made that testimony was given that did not make it into the completed transcript. I have read and listened to the testimony of Agent Brown in both the trial as well as the forfeiture hearing. Agent Brown was called multiple times throughout the trial and once during the forfeiture hearing. I listened to each direct examination and cross examination in order to verify that the transcript I prepared was accurate. I also listened to the testimony of IRS Agent De Los Santos, both direct examination and cross examination, in order to assure myself that his written testimony was accurate with the recorded audio. As stated above, minor changes to Agent Brown's testimony were made, but nothing of substance was changed.

8. In paragraph No. 3 of Mr. Lecthenberger's "Affidavit of Fact" it is alleged that a statement by Agent De Los Santos was also left out of the transcript. Agent De Los Santos only testified during the forfeiture hearing. After reading and listening to Agent De Los Santos' testimony I have also

found that only minor changes were warranted and that no testimony was inadvertently or intentionally omitted.

9. I did not endeavor to listen to the entire trial in order to substantiate any of the claims made by Mr. Anderson and his attorney, as the "Affidavit of Fact" and Mr. Anderson's note to his attorney were both very specific as to who was speaking at the time of the alleged omission. I did find that in the one claim wherein Mr. Anderson claims that Mr. Brown was advised by Judge McBryde to read all of the text messages together because of the length of time it was taking in question and answer form, that the witness was actually Agent Robinson. The specific cite is able to be found in Volume 2 on page 119, beginning at line 19.

_____
Shawn M. McRoberts, RMR, CRR

Subscribed and sworn to me this 11th day of July, 2011.

_____
Notary Public in and for the State of Texas

TYLER JEAN CROWLEY
Notary Public, State of Texas
My Commission Expires
November 12, 2012

3

## **EXHIBIT A**

Below are corrections made to the transcript in the case of United States v. Herbert P. Anderson.

### VOLUME 2

Page 111, line 19–from "sleepy" to "sleepily".

Page 166, line 4–from "Thomas Gerry wrote" to "Thomas Gerry then".

Page 169, line 3–from "into the restaurant" to "into the parking lot [sic]".

Page 204, line 16–from "Did the course" to "During the course".

### VOLUME 3

Page 35, line 19–from "person listed" to "person that is listed".

Page 57, line 9–from "And Gary says" to "And Gerry says".

### FORFEITURE

Page 29, line 3–from "1980s and 1990" to "1980s and 1990s".

Page 29, line 11–from "ultimately in the currency" to "ultimately and the currency".

Page 32, line 7–from "He called to tell" to "He called us to tell".

Page 45, line 9–from "Your Honor. It says" to "Your Honor, it says".

Page 52, line 2–from "Did you look at that?" to "Do you remember that?"

4

BOARD CERTIFIED CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

# DANNY D. BURNS
*ATTORNEY AT LAW*

115 NORTH HENDERSON • FORT WORTH, TEXAS 76102-1940 • 817-870-1544—Metro 817-654-2916

March 22, 2011

Shawn M. McRoberts
1100 Commerce, Rm 1654
Dallas, TX 75242

shawn_mcroberts@txnd.uscourts.gov

RE: Anderson transcripts

Dear Mr. McRoberts;

    I am including the affidavit of Mr. Lectenberger, the trial lawyer. The main three issues regarding the missing testimony is the statement by Kevin Brown, Mr. Anderson refers to page 34 to 36 of his testimony wherein Mr. Brown would have said the DEA does not have any evidence that Mr. Anderson dealt drugs, used drugs, etc.

    The second omission was when IRS agent De La Santos was being cross-examined by Mr. Lechtenberger and he said that after reviewing the records that he could not determine if Mr. Anderson did launder money or did not launder money on the basis of his review of the records.

    The third omission is Mr. Shattman's closing argument in which he repeated Andy Anderson is guilty five times.

    Mr. Anderson notes the issues on the included e-mail from Mr. Anderson.

    In my opinion, the first two are the key issues that could make a difference in the appeal. I am sorry for this problem. Thank you and if there is an additional charge, please let me know.

    Thanks.

Sincerely;

DANNY D. BURNS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:09 – CR -115A (8) |
| ) | |
| HERBERT P. ANDERSON, ) | Judge McBryde |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF FACT

My name is KIRK F. LECHTENBERGER. I am over the age of eighteen (18) years. I am a resident of the State of Texas. I am fully competent, both mentally and physically, to make this Affidavit. I am making this Affidavit of my own free will and volition. I am not making this Affidavit under any force of threats, coercion, or duress. I have not been promised anything of value in return for making this Affidavit. I am familiar with each and every fact in the Affidavit. Each and every statement contained is the truth.

### STATEMENT

1. During closing arguments on Guilt / Innocence, the AUSA shouted, "Andy is guilty" five times.

2. Task Force Agent Kevin Brown stated, "As far as we are concerned at DEA, Mr. Anderson had nothing to do with drugs."

3. IRS agent De La Santos stated, "I cannot prove or disprove Mr. Anderson has ever laundered money" during your cross-examination.

4. Task Force Agent Brown said several times that I [Agent Brown] made a mistake in the interpretation of the text messages. Additionally, at least one time he added, "My staff was not familiar with the equipment, my staff was not well trained in the use of the equipment".

###############################################

NOT IN THE TRANSCRIPT"

BROWN

167-168 LINE 1- THE COURT TOLD AGENT BROWN TO READ ALL OF THE TEXT TOGETHER THIS IS TAKING TO LONG.
   THE COURT DID NOT SAY THAT RIGHT HER BUT SOME PLACE IN THE MIDDLE OF BROWNS READING OF
   THE TEXTS.KEEP IN MIND BROWN READ NUMAROUS TEXT MESSAGES I READ THE WHOLE TRANSCRIPT THE COURT
   DID TELL HIM TO READ IT ALL TOGETHER AT THE SAME TIME ITS NOT HERE

36-1828-LINE17- THIS WAS A DIRECT BY SCHATMAN BROWN HOW DID YOU MAKE A MISTAKE LIKE THIS (NOT HERE),BROWN    SAID : IN THE BEGINNING OF OUR INVESTIGATION MY STAFF WAS NOT USED TO THIS EQUIPMENT .